| UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS | VOLUNTARY PETITION CHAPTER 13 |
|---|---|

| IN RE: NAME OF DEBTOR (Last, First, Middle) **Lacey, Deborah, M.** | NAME OF JOINT DEBTOR (Spouse)(Last, First, Middle) |
|---|---|
| ALL OTHER NAMES, INCLUDING TRADE NAMES, USED BY THE DEBTOR IN THE LAST 6 YEARS | ALL OTHER NAMES, INCLUDING TRADE NAMES, USED BY THE JOINT DEBTOR IN LAST 6 YEARS |
| Soc. Sec/Tax I.D.No.(If more than one, state all): **XXX-XX-0504** | Soc. Sec./Tax I.D.No. (If more than one, state all): **XXX-XX-** |
| ADDRESS OF DEBTOR (Street, City, State, and Zip Code) **15208 LeClaire Avenue** **Oak Forest IL 60452** | ADDRESS OF JOINT DEBTOR(Street, City, State and Zip Code) |
| COUNTY OF RESIDENCE **COOK** | COUNTY OF RESIDENCE **COOK** |
| MAILING ADDRESS OF DEBTOR (If different from Street Address) | MAILING ADDRESS OF DEBTOR (If different from Street Address) |
| LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different address listed above) | VENUE (Check one) [X] Debtor has been domiciled or has had a residence, principal place of business, of principal assets in this District for 180 Days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. [ ] There is a bankruptcy case concerning debtor's affiliate, general partner or partnership pending in this District. |

### INFORMATION REGARDING DEBTOR (Check applicable boxes)

| TYPE OF DEBTOR | | CHAPTER OF THE BANKRUPTCY CODE UNDER WHICH THE PETITION IS FILED (Check one box) | |
|---|---|---|---|
| [X] Individual | [ ] Corporation Publicly Held | [ ] Chapter 7 | [ ] Chapter 11 Railroad |
| [ ] Joint (Husband & Wife) | [ ] Corporation Not Publicly Held | [ ] Ch. 7 Broker | [ ] Chapter 12 |
| [ ] Partnership | [ ] Municipality | [ ] Ch. 9 | [X] Chapter 13 |
| [ ] Other _____ | | [ ] Ch. 11 | [ ] Sec. 304 |

NATURE OF DEBT
[X] Non-Business/Consumer    [ ] Business - Complete A & B

A. TYPE OF BUSINESS (Check One Box)
[ ] Farming         [ ] Transportation      [ ] Commodity Broker
[ ] Professional    [ ] Manufacturer/Mining [ ] Construction
[ ] Retail/Wholesale                        [ ] Real Estate
[ ] Railroad        [ ] Stock Broker        [ ] Other Business

B. BRIEFLY DESCRIBE NATURE OF BUSINESS

FILING FEE (Check on box)
[X] Filing fee attached
[ ] Filing fee to be paid in installments

NAME AND ADDRESS OF LAW FIRM OR ATTORNEY
**URBAN & BURT, LTD.**
**5320 W. 159th Street**
**Oak Forest, IL 60452**
**708-687-5200**

Name of Attorney Designated to Represent Debtor
**URBAN & BURT, LTD. (URBA) 6182264**

---

STATISTICAL/ADMINISTRATIVE INFORMATION (U.S.C. § 604)

[ ] No assets will be available for distribution to creditors
[X] Assets will be available for distribution to creditors

THIS SPACE FOR COURT USE ONLY

ESTIMATED NUMBER OF CREDITORS
| 1-15 | 16-49 | 50-99 | 100-999 | 1000-over |
|---|---|---|---|---|
| [X] | [ ] | [ ] | [ ] | [ ] |

ESTIMATED ASSETS (IN THOUSANDS OF DOLLARS)
| Under 50 | 50-99 | 100-499 | 500-999 | 1000-over |
|---|---|---|---|---|
| [ ] | [X] | [ ] | [ ] | [ ] |

ESTIMATED LIABILITIES (IN THOUSANDS OF DOLLARS)
| Under 50 | 50-99 | 100-499 | 500-999 | 1000-over |
|---|---|---|---|---|
| [X] | [ ] | [ ] | [ ] | [ ] |

ESTIMATED NUMBER OF EMPLOYEES-CHAPTER 11 AND 12 ONLY
| 0 | 1-19 | 20-99 | 100-999 | 1000-over |
|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] |

ESTIMATED NO. OF EQUITY SECURITY HOLDERS-CH.11 & 12 ONLY
| 0 | 1-19 | 20-99 | 100-999 | 1000-0ver |
|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] |

Name of Debtor **Deborah M. Lacey**

_____
Case Number

### FILING OF PLAN

For Chapter 9, 11, 12, and 13 cases only, Check appropriate box
[ ] A copy of debtor's proposed plan is attached.   [ ] Debtor intends to file a plan within the time allowed by statute, rule or order of court.

### PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS

| Location Where Filed | Case Number | Date Filed |
|---|---|---|
| | | |

### PENDING CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THE DEBTOR

| Name of Debtor | Case Number | Date |
|---|---|---|
| Relationship | District | Judge |

### REQUEST FOR RELIEF

Debtor requests relief in accordance with the chapter of title 11, United States Code specified in this petition.

### SIGNATURES

**ATTORNEY**

Debtors Attorney    Date: Apr 16, 2005

INDIVIDUAL JOINT DEBTOR(S)
I declare under penalty of perjury that the information provided in this petition and attached schedules is true and correct.

**Deborah M. Lacey**

Apr 16, 2005

CORPORATE OR PARTNERSHIP DEBTOR
I declare under penalty of perjury that the information provided in this petition and attached schedules is true and correct.

Signature of Authorized Individual

Title of Individual Authorized to File this Petition
Apr 16, 2005

EXHIBIT "A" is attached and made part of this petition (Corporate debtor under Chapter 11)

### TO BE COMPLETED BY INDIVIDUAL CHAPTER 7 DEBTOR WITH PRIMARILY CONSUMER DEBTS

I am aware that I may proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under such chapter, and choose to proceed under chapter 13 of such title. If I am represented by an attorney Exhibit "B" has been completed below.

**Deborah M. Lacey**    Apr 16, 2005

Apr 16, 2005

EXHIBIT "B" (to be completed by attorney for individual chapter 7 debtor(s) with primarily consumer debts.)

I am the attorney for the debtor(s) named in the foregoing petition, declare that I have informed the debtor(s) that (he, she or they) may proceed under Chapter 7, 11, 12, 13 of title 11 United States Code, and have explained the relief available under each chapter which is applicable to this debtor.

Apr 16, 2005

Debtors Attorney

# UNITED STATES BANKRUPTCY COURT,

IN RE:
Deborah M. Lacey                                               )
                                                               )

## SUMMARY OF SCHEDULES

| NAME OF SCHEDULE | ATTACHED | #SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 1 (COMB. B) | $ 89000.00 | | |
| B - PERSONAL PROPERTY | YES | 1 (COMB. A) | $ 6800.00 | | |
| C - PROPERTY CLAIMED AS EXEMPT | YES | 1 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 1 | | $ .00 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 1 | | $ .00 | |
| F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS | YES | | | $ 7611.75 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 1 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | YES | 1 | | | $ 1289.58 |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | YES | 1 | | | $ 1089.00 |

TOTAL NUMBER OF SHEETS

TOTAL ASSETS     $ 95800.00

TOTAL LIABILITIES     $ 7611.75

# UNITED STATES BANKRUPTCY COURT
## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Neither the judge nor the court's employees may provide you with legal advice.

Chapter 7: Liquidation

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2. Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5. Under certain circumstances you may keep property that you have purchased subject to a valid security interest. Your attorney can explain the options that are available to you.

Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income.

1. Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but not more than five years.
Your plan must be approved by the court before it can take effect.

3. Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4. After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain other debts including criminal restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

Chapter 11: Reorganization

Chapter 11 is designed primarily for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

Chapter 12: Family Farmer

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to a chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm.

I, the debtor, affirm that I have read this notice.

Apr 16, 2005       _____

# STATEMENT OF ALL PROPERTY OF DEBTOR
## SCHEDULE A - REAL PROPERTY

Deborah M. Lacey

DESCRIPTION AND LOCATION OF PROPERTY / NATURE OF DEBTOR'S INTEREST / CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION　　　／ AMOUNT OF SECURED CLAIM

```
1/2 INT IN 15208 LECLAIRE                    89000.00              .00
```

**TOTAL VALUE SCHEDULE A　$　89000.00**

========================================================================

## SCHEDULE B - PERSONAL PROPERTY
*(Unless specified all property is jointly owned, if a joint petition was filed.)*

TYPE OF PROPERTY / DESCRIPTION OF PROPERTY / MARKET VALUE OF DEBTOR'S INTEREST WITHOUT DEDUCTION FOR SECURED CLAIMS

1. Cash on hand

2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, building and loan, and homestead associations, or credit unions, brokerage houses or cooperatives.
   ```
   JOINT HARRIS SAVINGS ACCOUNT                              3000.00
   CHRIST HOSPITAL CREDIT UNION                                50.00
   ```

3. Security Deposits with public utilities, telephone companies, landlords and others

4. Household goods, supplies and furnishings including audio, video and computer equipment
   ```
   MISC. HOUSEHOLD FURNISHINGS                                400.00
   ```

5. Books, pictures, and other art objects; stamp, coin, record, tape, compact disc and other collections or collectibles.

6. Wearing apparel.
   ```
   CLOTHING                                                   350.00
   ```

7. Furs and jewelry.

8. Firearms and sports, photographic, and other hobby equipment.

9. Interests in insurance policies.

10. Annuities. Itemize and name each insurer

11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize.

12. Stock and interests in incorporated and unincorporated businesses, Itemize.

13. Interests in partnerships or joint ventures. Itemize

14. Government and corporate bonds and other negotiable and non-negotiable instruments.

15. Accounts Receivable.

16. Alimony, maintenance, support, and property settlements to which debtor may be entitled. Give particulars.

17. Other liquidated debts owing debtor including tax refunds. Give particulars.

18. Equitable or future interest, life estates, and rights or powers excercisable for the benefit of the debtor other than those listed in Schedule of Real Property.

19. Contingent and non-contingent interests in estate of a decedent death benefit plan, life insurance policy or trust.

20. Other contingent and unliquidated claims of every nature, including tax refunds, countercalims of the debtor and rights to setoff claims. Give estimate value.

21. Patents, copyrights and other intellectual property. Give particulars.

22. Licenses, franchises, and other general intangibles. Give particulars.

23. Automobiles, trucks, trailers and other vehicles
    2001 DODGE NEON    3000.00

24. Boats, motors and accessories.

25. Aircraft and accessories.

26. Office equipment, furnishings and supplies.

27. Machinery, fixtures, equipment and supplies used in business.

28. Inventory.

29. Animals.

30. Crops - growing or harvested. Give particulars.

31. Farming Equipment and implements.

32. Farm supplies, chemicals, and feed.

33. Other personal property of any kind not already listed. Itemize.

Deborah M. Lacey    **TOTAL VALUE SCHEDULE B $**    6800.00

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Pursuant to 11 U.S.C. Sec 522 (b) (1):

Debtor claims the following property as exempt pursuant to Ch. 735 Illinois Compiled Statutes; Debtor claims all other exemptions to which he may be entitled.

| DESCRIPTION OF PROPERTY | STATUTORY SECTIONS / VALUES CLAIMED EXEMPT / | CURRENT MARKET VALUE |
|---|---|---|
| **REAL PROPERTY** | | |
| 1/2 INT IN 15208 LECLAIRE | 12-901    7500 | 89000.0 |
| **VEHICLES** | | |
| 2001 DODGE NEON | 12-1001(c)  1200 | 3000.0 |
| **PERSONAL PROPERTY** | | |
| JOINT HARRIS SAVINGS ACCOUN | 12-1001(b)  1550 | 3000.0 |
| CHRIST HOSPITAL CREDIT UNIO | 12-1001(b)    50 | 50.0 |
| MISC. HOUSEHOLD FURNISHINGS | 12-1001(b)   400 | 400.0 |
| CLOTHING | 12-1001(a)   350 | 350.00 |

Deborah M. Lacey

Each Debtor exempts from the property of the estate, pursuant to the State Exemptions set forth below the following property although each debtor may not have the property noted and each debtor may not have equity in property, sufficient to exhaust the following allowable State Exemptions. These exemptions are in addition to those already specifically claimed on the previous page, and are cummulative to the full extent allowable under Illinois or the Bankruptcy Code.

| | Property | Amount | Statute |
|---|---|---|---|
| a. | Residence or homestead of individual, includes farm lot & buildings, condominiums, personal property or cooperative. Can be owned or leased. | $7,500 (includes proceeds of sale for 1 yr:12-906) | *735 ILCS 5/12-901 |
| b. | Necessary wearing apparel, Bible, school books family pictures and prescribed health aids of debtor & dependents | 100% | 735 ILCS 5/12-1001 (a), (e) |
| c. | Any personal property of debtor | $2,000 | 735 ILCS 5/12-1001 (b) |
| d. | One motor vehicle | $1,200 | 735 ILCS 5/12-1001 (c) |
| e. | Implements, books, and tools of trade | $ 750 | 735 ILCS 5/12-1001 (d) |
| f. | Proceeds and cash value of life insurance policies & annuity contracts payable to dependents of insured | 100% | 735 ILCS 5/12-1001 (f) |
| g. | Social Security benefits, unemployment compensation benefits, public assistance benefits, Veteran's benefits and disability and illness benefits. | 100% | 735 ILCS 5/12-1001 (g) (1), (2), (3) |
| h. | Alimony, support or separate maintenance | Amount reasonably necessary to support debtor and dependents | 735 ILCS 5/12-1001 (g) (4) |
| i. | Pension and retirement benefits | 100% | 735 ILCS 5/12-1006 (a)-(d) |
| j. | Crime victim's reparation law awards | 100% | 735 ILCS 5/12-1001 (h) (1) |
| k. | Wrongful death payments resulting from death of person of whom debtor was a dependent. | Amount reasonably necessary to support debtor and dependents | 735 ILCS 5/12-1001 (h) (2) |
| l. | Life insurance payments from policy insuring person of whom debtor was a dependent | Amount reasonably necessary to support debtor and dependents | 735 ILCS 5/12-1001 (h) (3) |
| m. | payments on account of bodily injury of debtor or person of whom debtor was a dependent | $7,500 | 735 ILCS 5/12-1001 (h) (4) |

NOTE: Proceeds from sale of exempt personal property are also exempt. Non-exempt property converted into exempt property in fraud of creditors is not exempt. Property acquired within 6 months of the filing of bankruptcy is presumed to have been acquired in contemplation of bankruptcy. The exemptions in 735 ILCS 5/12-1001 (h) extend for 2 years after the debtor's right to receive the payments accrues and, as to property traceable therefrom, for 5 years after accrual. See SHA 735 ILCS 5/12-1001.

| | Property | Amount | Statute |
|---|---|---|---|
| n. | Specific partnership property | 100% of partner's interest | 806 ILCS 205/25 |
| o. | Gross earnings or disposable earnings (disposable earnings are gross earnings less deductions required by law) | 85% of gross earnings or disposable earnings equal 40 times the federal minimum hourly wage per week, WHICHEVER IS GREATER | 735 ILCS 5/12-803 |
| p. | Proceeds & cash value of life or endowment insurance policy or annuity to insured spouse or dependent. | 100% | 215 ILCS 5/238 |
| q. | Fraternal Benefit Society benefits | 100% | 215 ILCS 5/313.1 |
| r. | Workmen's Compensation benefits | 100% | 820 ILCS 305/21 |
| s. | Unemployment compensation benefits | 100% (support claims excepted) | 820 ILCS 405/1300 |
| t. | Public Welfare benefits | 100% | 305 ILCS 5/11-3 |
| u. | Property held in trust for debtor | 100% | 735 ILCS 5/12-1403 |
| v. | Wage garnishment | 100% | 735 ILCS 5/12-803 735 ILCS 5/12-1001 (b) 735 ILCS 5/12-8 |
| w. | Income earned or funds in possession of Chapter 13 trustee, in event of conversion from Chapter 13 or dismissal of existing Chapter 13. | 100% | 735 ILCS 5/12-803 735 ILCS 5/12-1001 (b) |

Deborah M. Lacey

IN RE: Deborah M. Lacey

## COMBINED CHAPTER 13 SCHEDULE D, E, & F  PAGE 1
## CREDITORS HOLDING SECURED, UNSECURED PRIORITY & UNSECURED CLAIMS

| NAME, ADDRESS, ZIPCODE, & ACCOUNT NO. IF ANY | AMOUNT CLAIMED DUE | UNSECURED PORTION | MONTHLY CONTACT PMTS. | # INST ARREARS | MO. PMT. PER PLAN |
|---|---|---|---|---|---|
| ACCOUNT # 4264299459669074<br>Harris Bank<br>C/O Asset Acceptance<br>P.O. Box 2036<br>Warren, MI  48090 | 7379.75 | | | | |
| NATURE OF CLAIM UNSECURED 100% | | | | | |
| ACCOUNT # 73428<br>Meineke Discount<br>P.O. Box 81344<br>Cleveland, OH  44181 | 232.00 | | | | |
| NATURE OF CLAIM UNSECURED 100% | | | | | |

============================================================================
**TOTAL UNSECURED - SCHEDULE F   $   7611.75**
============================================================================

```
                TOTALS:     7611.75        SET PMTS UNDER PLAN        .00

  BY CATEGORY:       #                     AMOUNT
  SECURED OUTSIDE    0                        .00
  SECURED INSIDE     0                        .00

  UNSECURED          2          7611.75
  ADDITIONAL UNSECURED              .00
         AT PERCENTAGE:   100 %           7611.75
  PRIORITY           0                        .00
  SPEC CLASS         0              .00
         AT PERCENTAGE:                       .00
  TOTAL PLAN         2                    7611.75
  TOTAL PLAN W/TRUSTEE & ATTY FEE:        9686.33
```

04/16/05

# UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF ILLINOIS

IN RE:
Deborah M. Lacey )
)

## SCHDEULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real property. Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser.", "Agent," etc. State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing adderesses of all other parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors

[ ] Check this box if debtor has no executory contracts or unexpired leases.

**NAME & MAILING ADDRESS OF PARTIES TO CONTRACT    /    DESCRIPTIONS OF CONTRACT & DEBTORS INTERE**

# UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF ILLINOIS

IN RE:
Deborah M. Lacey                                                    )
                                                                    )

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedule of creditors. Include all guarantors and co-signers. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

[ X ] Check this box if debtor has no codebtors.

| **NAME AND ADDRESS OF CODEBTOR** | **NAME AND ADDRESS OF CREDITOR** |
| --- | --- |
| | |

IN RE: **Deborah M. Lacey**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTORS

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are seperated and a joint petition is not filed.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR & SPOUSE | | |
|---|---|---|---|
| SINGLE | NAMES | AGE | RELATIONSHIP |
| TELEPHONE 708/687-3242 | | | |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| OCCUPATION | CLERICAL | |
| EMPLOYER NAME | Advocate Christ Hospital | |
| TIME EMPLOYED | 35 YEARS | |
| ADDRESS | 4440 West 95th Street Oak Lawn IL 60453 | |
| TELEPHONE | 708/346-5952 | |

| | DEBTOR | SPOUSE |
|---|---|---|
| | PAY FREQUENCY **BI-WEEKLY** | PAY FREQUENCY |
| GROSS WAGES | $ 1338.06 | $ |
| LESS PAYROLL DEDUCTIONS | | |
| a. PAYROLL TAXES & SOCIAL SECURITY | $ 290.46 | $ |
| b. Insurance | $ 46.95 | $ |
| c. Union Dues | $ | $ |
| d. Other 401K LOAN | $ 405.00 | $ |
| TOTAL NET TAKE HOME PAY PER PERIOD | $ 595.65 | $ |
| TOTAL NET TAKE HOME PAY MONTHLY | $ 1289.58 | $ |
| REGULAR INCOME FROM OPERATION OF BUSINESS | $ | $ |
| INCOME FORM REAL PROPERTY | $ | $ |
| INTEREST AND DIVIDENDS | $ | $ |
| ALIMONY, MAINTENANCE OR SUPPORT RECVD FOR THE DEBTORS USE OR OF DEPENDANTS LISTED ABOVE | $ | $ |
| SOCIAL SECURITY OR OTHER ASSISTANCE | $ | $ |
| PENSION OR RETIREMENT INCOME | $ | $ |
| OTHER MONTHLY INCOME | $ | $ |
| TOTAL MONTHLY INCOME | $ 1289.58 | $ .00 |
| TOTAL COMBINED MONTHLY INCOME | $ 1289.58 | |

Describe any increase or decrease of more than 10% in any of the above catagories anticipated to occur within the following year:

# SCHEDULE J- CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

[ ] Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

Rent or home mortgage payment (include lot rented for mobile home) . . . . . . . . . . . . . . . . . . . $
Are real estate taxed included?
Is property insurance included?

| | | |
|---|---|---:|
| Utilities | Electricity and heating fuel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 250.00 |
| | Water and sewer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 45.00 |
| | Telephone . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 40.00 |
| | Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ |
| Home Maintenance (Repairs and upkeep) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | $ 78.00 |
| Food . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | $ 200.00 |
| Clothing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | $ |
| Laundry and dry cleaning . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | $ 10.00 |
| Medical and dental expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | $ 150.00 |
| Educational & School expense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | $ |
| Transportation (not including car payments) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | $ 100.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. . . . . . . . . . . . . . . . . . . . | | $ |
| Charitable contributions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | $ |

Insurance (not deducted from wages or included in home mortgage payments)

| | |
|---|---:|
| Homeowner's or renter's . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ |
| Life . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ |
| Health . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ |
| Auto . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 89.00 |
| Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ |
| Taxes (not deducted from wages or included in home mortgage payments) . . . . . . . . . . . . . | $ 127.00 |

(Specify)
Installment payments (In chapter 12 and 13 cases, do not list payments to be included in the plan)

| | |
|---|---|
| Auto | $ |
| Other | $ |
| Other _____ | $ |
| Alimony, maintenance, and support paid to others . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ |
| Payments for support of additional dependents not living at your home . . . . . . . . . . . . . . . . | $ |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) . . . . | $ |
| Other | $ |

TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) . . . . . . . . . . . . . . . . . . **$ 1089.00**

(FOR CHAPTER 12 & 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other interval.

A. Total projected monthly income . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1289.58
B. Total projected monthly expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1089.00
C. Excess income ( A minus B ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 200.58
D. Total amount to be paid into plan each month . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$ 200.00**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

**In re:**
Deborah M. Lacey                                              )
                                                              ) NO
                        Debtors                               )

# STATEMENT OF FINANCIAL AFFAIRS
## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. s 101(30).

1. Income from employment or operation of business

    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None          AMOUNT                              SOURCE (if more than one)
[ ]
THIS YR:      3849.17        WAGES
LAST YR:      30375.47       WAGES
PRIOR YR:     30479.42       WAGES

2. Income other than from employment or operation of business

    State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtor's filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None          AMOUNT                              SOURCE
[X]

3. Payments to creditors

    a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None    NAME & ADDRESS OF CREDITOR          DATES OF PAYMENTS            AMOUNT PAID       AMOUNT STILL OWING
[X]

    b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None    NAME & ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR    DATE OF PAYMENT    AMOUNT PAID    AMOUNT STILL OWING
[X]

Deborah M. Lacey

4. Suits, executions, garnishments, and attachments

   a. List all suits to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| None | CAPTION OF SUIT & CASE NUMBER | NATURE OF PROCEEDING | COURT AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|---|
| [X] | | | | |

   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| None | NAME & ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED; DATE OF SEIZURE; DESCRIPTION & VALUE OF PROPERTY |
|---|---|
| [X] | |

5. Repossessions, foreclosures and returns

   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| None | NAME & ADDRESS OF CREDITOR; DATE OF REPOSSESSION, FORECLOSURE OR RETURN; DESCRIPTION & VALUE OF PROPERTY |
|---|---|
| [X] | |

6. Assignments and receiverships

   a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| None | NAME & ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|---|
| [X] | | | |

   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| None | NAME & ADDRESS OF CUSTODIAN NAME; LOCATION OF COURT; CASE TITLE; NUMBER; DATE OF ORDER; DESCRIPTION & VALUE |
|---|---|
| [X] | |

7. Gifts

   List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| None | NAME & ADDRESS OF PERSON OR ORGANIZATION RELATIONSHIP TO DEBTOR, DATE OF GIFT DESCRIPTION & VALUE OF GIFT |
|---|---|
| [X] | |

8. Losses

   List all losses from fire, theft, other casualty or gambling within one year preceding the commencement of this case or since the commencement of this case (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint is filed, unless the spouses are separated and a joint petition is not filed.)

| None | DESCRIPTION & VALUE OF PROPERTY DESCRIPTION OF CIRCUMSTANCES & IF LOSS WAS COVERED BY INSURANCE, GIVE PARTICULARS |
|---|---|
| [X] | |

Deborah M. Lacey

9. Payments related to debt counseling or bankruptcy
   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

None    NAME & ADDRESS OF PAYEE; DATE OF PAYMENT; NAME OF PAYOR IF OTHER THAN DEBTOR; AMOUNT OR DESCRIPTION & VALUE
[ ]
    Urban & Burt, Ltd., 5320 W. 159th St., Oak Forest, Il 60452    $   1200

10. Other transfers
    a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None    NAME & ADDRESS OF TRANSFEREE; RELATIONSHIP TO DEBTOR; DATE; DESCRIBE PROPERTY TRANSFERRED & VALUE RECEIVED
[X]

11. Closed financial accounts
    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None    NAME & ADDRESS OF INSTITUTION; TYPE & NUMBER OF ACCOUNT; AMOUNT OF FINAL BALANCE; AMOUNT & DATE OF SALE
[X]

12. Safe deposit boxes
    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None    NAME & ADDRESS OF DEPOSITORY; NAMES & ADDRESSES OF THOSE WITH ACCESS; DESCRIPTION; DATE OF TRANSFER
[X]

13. Setoffs
    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None    NAME & ADDRESS OF CREDITOR        DATE OF SETOFF              AMOUNT OF SETOFF
[X]

14. Property held for another person
    List all property owned by another person that the debtor holds or controls.

None    NAME & ADDRESS OF OWNER    DESCRIPTION & VALUE OF PROPERTY    LOCATION OF PROPERTY
[X]

15. Prior address of debtor
    If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commmencement of this case. If a joint petition is filed, report also any separate address of either spouse.

None    ADDRESS                    NAME USED                  DATES OF OCCUPANCY
[X]

Deborah M. Lacey

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the two years immediately preceding the commencement of this case.)

16. Nature, location and name of business

a. If the debtor is an individual, list the names and addresses of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the two years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the two years immediately preceding the commencement of this case.

b. If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the two years immediately preceding the commencement of this case.

c. If the debtor is a corporation, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities within the two years immediately preceding the commencement of this case.

| None [X] | NAME | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES OF OPERATION |
|---|---|---|---|---|

17. Books, records and financial statements

a. List all bookkeepers and accountants who within the six years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| None [X] | NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| None [X] | NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|---|

18. Inventories

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of the inventory, and the dollar amount and basis of each inventory.

| None [X] | DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|---|

b. List the name and address of the person having possession of the records of each of the two inventories reported in a. above.

| None [X] | DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|---|

19. Current Partners, Officers, Directors and Shareholders

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| None [X] | NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|---|

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

| None | NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|---|
| [X] | | | |

20. Former partners, officers, directors and shareholders

a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| None | NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|---|
| [X] | | | |

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| None | NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|---|
| [X] | | | |

21. Withdrawal from a partnership or distributions by a corporation

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| None | NAME & ADDRESS OF RECIPIENT; RELATIONSHIP TO DEBTOR; DATE OF WITHDRAWAL; AMT OR DESCRIPTION; VALUE OF PROPERTY |
|---|---|
| [X] | |

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct ro the best of my knowledge, information and belief.

_____
Deborah M. Lacey

Apr 16, 2005

*Penalty for making a false statement: fine up to $500.00 or imprisonment for up to 5 years, or both.*

**URBAN & BURT, LTD.**
**Attorney for Debtor**
**5320 W. 159th Street**
**Oak Center - Suite 501**
**Oak Forest, IL 60452**
**708/687-5200**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

IN RE:

    Deborah M. Lacey                       ) NO.
)
                  Debtor(s),     )

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. Sec. 329(a) and Bankruptcy Rule 2016(b), I certify that I am the above-named debtor(s) attorney and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept............................................................. $   2200.00

    Prior to the filing of this statement I have received.................................................. $   1200.00
                                                     (INCLUDING COSTS)
    Balance Due...................................................................................................... $   1194.00

2. The source of compensation paid to me was:

    [ X ] Debtor     [ ] Other (specify)

3. The source of compensation to be paid to me is:

    [ X ] Debtor     [ ] Other (specify)

4. [ X ] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    [ ] I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;

    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

    d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

    e. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**EDMUND G. UBRAN III**
**URBAN & BURT, LTD.**
**Attorney for Debtors**                              Apr 16, 2005
**5320 W. 159th Street**
**Oak Forest, IL 60452**
**708/687-5200**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

IN RE: Deborah M. Lacey                                Case Number_____

VERIFICATION OF CREDITOR MATRIX

                              Number of Creditors                2

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Dated: Apr 18, 2005                            _____
                                                Debtor

                                                _____
                                                Joint Debtor

                                                _____
                                                Attorney for Debtor